IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>    Plaintiff,<br><br>  v.<br><br>MIKE EVANS, Warden, et al.,<br><br>    Defendants.<br>_____ | No. C 08-1495 MMC (PR)<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT; DENYING MOTION FOR RECONSIDERATION**<br><br>**(Docket Nos. 12 & 13)** |

    On March 18, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. After reviewing the complaint, the Court, by order dated October 21, 2008, dismissed with prejudice plaintiff's claims of failure to process administrative appeals and letters of complaint, false reports, and stolen property. Additionally, the Court dismissed with leave to amend plaintiff's claims of denial of due process at his disciplinary hearing, retaliation, excessive force, and inadequate medical care. Plaintiff was directed to file an amended complaint within thirty days of the Court's order.

    On November 12, 2008, plaintiff filed a request for an extension of thirty days in which to file an amended complaint. Good cause appearing, plaintiff's request is hereby GRANTED. Plaintiff shall file his amended complaint within **thirty** days of the date this order is filed.

    On November 13, 2008, plaintiff filed a motion for reconsideration with respect to the

1 Court's determination, in its order of initial review, that plaintiff's claims that defendants had
2 failed to process plaintiff's administrative appeals and had written false reports about
3 plaintiff were not cognizable and, consequently, were subject to dismissal with prejudice.
4 Specifically, plaintiff states in his motion for reconsideration that his intent was to allege that
5 defendants' actions were retaliatory, in violation of plaintiff's constitutional rights. As
6 plaintiff has been granted leave to file an amended complaint, the motion for reconsideration
7 is hereby DENIED as moot. Specifically, plaintiff may include his retaliation claims in his
8 amended complaint.

9 Plaintiff has filed a request for the Court to provide him with an "appointment of
10 counsel form." No such form exists. Consequently, plaintiff must prepare his own motion
11 for appointment of counsel. Plaintiff is advised, however, that there is no constitutional right
12 to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18,
13 25 (1981). Rather, the decision to request counsel to represent an indigent litigant under §
14 1915 is within "the sound discretion of the trial court and is granted only in exceptional
15 circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of
16 "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's
17 success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of
18 the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America,
19 390 F.3d 1101, 1103 (9th Cir. 2004). Here, the Court would not be inclined to grant a
20 motion for appointment of counsel at this time as plaintiff has been able to present his claims
21 in an adequate manner and an evaluation of the likelihood of plaintiff's success on the merits
22 would be premature, in light of the fact that plaintiff has not yet filed an amended complaint.
23 This order terminates Docket Nos. 12 and 13.
24 IT IS SO ORDERED.
25 DATED: November 24, 2008
26 MAXINE M. CHESNEY
United States District Judge