IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>    Plaintiff,<br><br>  v.<br><br>MIKE EVANS, Warden, et al.,<br><br>    Defendants.<br>_____ | No. C 08-1495 MMC (PR)<br><br>**ORDER OF SERVICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL: DIRECTING CLERK TO PROVIDE PLAINTIFF WITH A COPY OF THE FIRST AMENDED COMPLAINT**<br><br>**(Docket No. 15)** |

On March 18, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, claiming the violation of his federal constitutional rights by prison officials at SVSP. The Court dismissed the complaint with leave to amend. Now pending before the Court is plaintiff's first amended complaint ("FAC").

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id.

§ 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

1. Allegations

In the FAC, plaintiff makes the following allegations with respect to events that occurred at SVSP in 2006 and 2007.

On June 11, 2006, Sgt. M. Nillsson, in retaliation for plaintiff's having previously filed an administrative grievance, ordered that plaintiff's cell be searched. Lt. J. Stevenson and Correctional Officer ("C/O") T. Sheets conspired with Sgt. Nillsson to plan the search, and also participated in the search. During the search, plaintiff was forcibly removed from his cell after being sprayed with pepper spray by C/Os J. Rodriquez, R. Reynoso, T. Woolf and E. Camarena. Plaintiff was then taken to a holding cell where he was made to sit for approximately six hours and was not promptly decontaminated; as a result, he suffered burning from the pepper spray. Correctional Officer O. Reynoso, who was at the control booth, and C/O T. Sheets both failed to activate a crisis response team when they saw the other C/Os using excessive force against plaintiff. Sgt. Nillsson, who ordered the cell search, also failed to order the C/Os to stop their excessive use of pepper spray, and, through lack of training and supervision, failed to ensure plaintiff's receipt of prompt medical attention and pepper spray decontamination.

Following the search, Captain G. Ponder, of the classification committee, acted in retaliation for plaintiff's having filed administrative grievances, and held plaintiff in administrative segregation for sixty days pending an investigation with respect to plaintiff's participation in a conspiracy to introduce a controlled substance into the prison. Thereafter, plaintiff was charged with a serious rules violation for participating in such a conspiracy.

2

Plaintiff requested an investigative employee to assist him with his defense to the charge. On July 22, 2006, R. Basso, an investigative employee, arrived to interview plaintiff, but plaintiff refused, telling Basso he had postponed his disciplinary hearing pending the results of the referral of charges against plaintiff to the District Attorney. Basso, in retaliation for plaintiff's assertion of his right to postpone his hearing and prepare a defense, ignored plaintiff's directions and proceeded to interview witnesses and prepare an investigative report.

On December 2, 2006, plaintiff attended a hearing on the rules violation. Plaintiff informed the Senior Hearing Officer Lt. E. Moore that plaintiff would not proceed with the hearing because he objected to the use of the information in Basso's investigative report and he was still waiting for other evidence and to talk to witnesses. When plaintiff attempted to leave the hearing, Moore told plaintiff that if plaintiff didn't sit down he'd be pepper sprayed. At that point, plaintiff asked to return to his cell to get his legal papers. After being granted permission to do so, plaintiff returned to his cell and refused to leave. Moore found plaintiff guilty, in absentia, of possession of a controlled substance.

After plaintiff was found guilty, Captain Ponder, again acting in retaliation for plaintiff's having filed administrative grievances against prison officials, made the decision to hold plaintiff in administrative segregation. Additionally, Captain Ponder recommended that plaintiff be moved to the D-yard where, on November 25, 2007, plaintiff was cut on his upper back by another inmate.

2. Sufficiency of Allegations

When plaintiff's allegations are liberally construed, the following cognizable claims for relief are stated against the named defendants: the use of excessive force and deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment; retaliation in violation of the First Amendment; the denial of due process at plaintiff's disciplinary hearing in violation of the Fourteenth Amendment.

C.  Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. There is no constitutional

3

right to counsel in a civil case such as this.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances."  Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time.  Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

D.     Request for Copies

Plaintiff, who is without funds and proceeding in forma pauperis herein, has requested a copy of the FAC.  Good cause appearing, the request will be granted and the Clerk will be directed to send plaintiff a copy of the FAC.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the FAC (Docket No. 16) in this matter, all attachments thereto, and a copy of this order upon the following defendants at SALINAS VALLEY STATE PRISON: Sgt. M. Nillsson, Correctional Officer J. Rodriguez, Correctional Officer R. Reynoso, Correctional Officer T. Woolf, Correctional Officer E. Camarena, Correctional Officer O. Reynoso, Correctional Officer T. Sheets, Lt. J. Stevenson, R. Basso, Lt. E. Moore, Captain G. Ponder.  The Clerk shall also mail courtesy copies of the FAC and this order to the California Attorney General's Office, and a copy of the FAC to plaintiff.

4

2. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

    a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event defendants file a motion for summary judgment, the Ninth

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

5

Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

    5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 15.

IT IS SO ORDERED.

DATED: June 16, 2009

MAXINE M. CHESNEY
United States District Judge