**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,  <br>  Plaintiff,  <br>  v.  <br>MIKE EVANS, Warden, et al.,  <br>  Defendants.  <br>_____ | No. C 08-1495 MMC (PR)  <br>**ORDER GRANTING LEAVE TO FILE LATE REPLY; GRANTING MOTION TO DISMISS; DENYING MOTION TO COMPEL; DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT AND EFFECTUATE SERVICE UPON OR PROVIDE COURT WITH LOCATION INFORMATION FOR UNSERVED DEFENDANTS**  <br>**(Docket Nos. 40, 45, 48)** |

On March 18, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On December 23, 2008, plaintiff filed a 158-page amended complaint ("AC"). Defendants have filed a motion to dismiss the AC; plaintiff has opposed the motion and defendants have filed a reply.[1] Additionally, plaintiff has filed a motion to compel discovery.

---

[1] Good cause appearing, defendants' motion for leave to file a late reply will be granted. The reply filed on April 1, 2010, is deemed timely.

**DISCUSSION**

A. Motion to Dismiss

    1. Legal Standard

In the AC, plaintiff alleges that defendants violated his constitutional rights at various times between June 2006 and April 2007. Defendants move to dismiss the AC on the ground plaintiff has failed to properly join claims and defendants under Federal Rules of Civil Procedure 18(a) and 20(a).

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences," Fed. R. Civ. P. 20(a)(2)(A), and, "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2)(B). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way – that is, if there is not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id.

    2. Plaintiff's Claims

The AC raises claims against the following eleven defendants: R. Basso, E. Camarena, Moore, Nilsson, Ponder, O. Reynoso, R. Reynoso, Rodriguez, Sheets, Stevenson and Woolf.[2]

---

[2] Defendants Basso, Camarena and O. Reynoso have not returned an acknowledgment of service and the Office of the Attorney General is not appearing on their behalf.

2

a. <u>Claims Related to June 11, 2006 Cell Search and Extraction</u>

Plaintiff raises several claims related to a search of plaintiff's cell on June 11, 2006. Specifically, plaintiff alleges: (1) defendant Nilsson retaliated against plaintiff on June 11, 2006, when Nilsson ordered a search of plaintiff's cell and that plaintiff be forcibly extracted from his cell; (2) defendants Camarena, Nilsson, O. Reynoso, R. Reynoso, Rodriguez, Sheets, Stevenson and Wolff used excessive force against plaintiff on June 11, 2006, when they pepper sprayed and forcibly removed plaintiff from his cell; (3) after plaintiff was pepper sprayed, defendants Camarena, Nilsson, R. Reynoso, Rodriguez, Stevenson and Wolff placed plaintiff in a holding cell for approximately six hours without proper decontamination or medical attention; and (4) following the search of plaintiff's cell, defendant Ponder retaliated against plaintiff on June 12, 2006, by holding plaintiff in administrative segregation.

Based on the above allegations, the Court found that plaintiff stated cognizable claims for the use of excessive force and deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment, and for retaliation, in violation of the First Amendment.

b. <u>Claims Related to December 2, 2006 Disciplinary Hearing</u>

Plaintiff also raises claims related to a disciplinary hearing held on December 2, 2006, regarding a rules violation for drug possession with which plaintiff was charged in connection with the June 11, 2006 cell search. In particular, plaintiff alleges: (1) on July 22, 2006, defendant Basso, in retaliation for plaintiff's having asserted his right to postpone the disciplinary hearing, prematurely prepared an investigative report for that hearing; (2) defendant Moore denied plaintiff due process at the disciplinary hearing on December 2, 2006; (3) defendant Ponder retaliated against plaintiff by holding plaintiff in administrative segregation after plaintiff, at the hearing, was found guilty of drug possession; and (4) defendant Ponder retaliated against plaintiff by recommending, on April 12, 2007, that plaintiff be moved from Facility C to Facility D at SVSP.

Based on the above allegations, the Court found cognizable plaintiff's claims of

3

1  retaliation, in violation of the First Amendment, and for the violation of due process at
2  plaintiff's disciplinary hearing, in violation of the Fourteenth Amendment.

3       3.    <u>Analysis</u>

4       Defendants argue the AC must be dismissed under Rule 18(a) because plaintiff has
5  asserted four claims, specifically, excessive force, deliberate indifference to serious medical
6  needs, retaliation and the denial of due process, against eleven defendants, with no single
7  defendant present in all claims. Rather, defendants assert, the claims are improperly joined
8  because they involve separate groups of defendants and arise from two distinct events –  the
9  June 11, 2006 cell search and the December 2, 2006 disciplinary hearing. Additionally,
10 defendants contend the AC must be dismissed under Rule 20(a) because all of plaintiff's
11 claims do not arise out of the same transaction, occurrence, or series of transactions and
12 occurrences, and do not raise common questions of law or fact.

13      In opposition to the motion, plaintiff argues the claims and defendants are properly
14 joined based on a "sequence of events." (Pl.'s Opp'n to Mot. Dismiss at 2.)

15      Defendants respond that the claims concern events diverse in time involving separate
16 parties. The Court agrees.

17      As noted, plaintiff claims, in connection with a June 11, 2006 cell search and
18 extraction, that he was subjected to the use of excessive force, deliberate indifference to his
19 serious medical needs and retaliation by defendants Camarena, Nilsson, Ponder, O. Reynoso,
20 R. Reynoso, Rodriguez, Sheets, Stevenson and Woolf. As conceded by defendants, all of the
21 claims against those defendants are related to the cell search and are properly joined.

22      The claims pertaining to plaintiff's disciplinary hearing, however, are wholly distinct
23 from those surrounding the cell search. In particular, although the disciplinary hearing
24 stemmed from drug possession charges brought against plaintiff following the cell search,
25 plaintiff's claims against defendants Basso, Moore and Ponder do not raise questions of law
26 or fact common to the claims arising out the events of June 11 and 12, 2006. Rather, as
27 noted, plaintiff alleges: he was retaliated against by Basso on July 22, 2006, when Basso
28 prematurely prepared an investigative report for plaintiff's disciplinary hearing; Moore

4

violated plaintiff's right to due process at the disciplinary hearing held on December 2, 2006, and Ponder retaliated against plaintiff after the disciplinary hearing, by transferring plaintiff to another facility.

Based on the above, the Court concludes that plaintiff's claims are improperly joined. Consequently, as the AC does not meet the requirements of Rules 18(a) and 20(a), defendants' motion to dismiss will be granted. Plaintiff, however, will be granted leave to file a second amended complaint that cures the noted pleading deficiencies. In particular, plaintiff may file either (1) a complaint that brings one or more claims against one defendant, as set forth in Rule 18(a), or (2) a complaint that brings one or more claims against multiple defendants, but only if those defendants can be properly joined under Rule 20(a)(2). Plaintiff may, if he so chooses, file a new and separate action raising the claims that he does not include in the instant action.

Should plaintiff fail to comply with this order, the action will be dismissed without prejudice.

B.   Motion to Compel

The United States Marshal has successfully served eight of the named defendants in this action, but has returned the summons unexecuted as to defendants E. Camarena, O. Reynoso and R. Basso for the reason that said defendants are no longer employed at SVSP and the Marshal's attempts to serve them with the summons and complaint at forwarding addresses provided by the SVSP Litigation Coordinator were unsuccessful. (Docket Nos. 36, 37 & 39.) Plaintiff has moved to compel defendants' counsel to provide the Marshal with current addresses where those defendants can be served.

In cases wherein the plaintiff proceeds in forma pauperis, "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate

5

such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, as noted, the Marshal attempted to serve the defendants at the addresses provided by plaintiff. When those attempts were unsuccessful, the Marshal attempted to serve the defendants at forwarding addresses provided by the SVSP Litigation Coordinator. Those attempts, however, also were unsuccessful. Under such circumstances, the Office of the Attorney General bears no responsibility for providing the Marshal with additional information concerning the unserved defendants' whereabouts. Consequently, plaintiff's motion to compel defendants' counsel to provide the defendants' addresses will be denied.

Plaintiff's complaint has been pending for over 120 days, and, consequently, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants. See Fed. R. Civ. P. 4(m). Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve the unserved defendants, plaintiff must remedy the situation or face dismissal of his claims against them. See Walker, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, as set forth below, plaintiff either must effectuate service on the defendants, or provide the Court with a current location where the Marshal can serve the defendants.[3]

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Defendants' motion to file a late reply is hereby GRANTED.

2. Defendants' motion to dismiss is hereby GRANTED.

---

[3] As plaintiff has been directed to file a second amended complaint that includes only properly joined claims and defendants, he need only effectuate service on, or provide a current location for, those unserved defendants against whom he intends to proceed in the Second Amended Complaint filed herein.

6

3. Within **thirty (30)** days of the date this order is filed, plaintiff may file a SECOND AMENDED COMPLAINT, <u>**using the court's form civil rights complaint**</u>, a copy of which is provided herewith, in order to cure the deficiencies noted above.  Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 08-1495 MMC (PR), and the phrase "SECOND AMENDED COMPLAINT."

<u>If plaintiff fails to timely file a second amended complaint in conformity with this order, the action will be dismissed without prejudice.</u>

4. Plaintiff's motion to compel defendants' counsel to provide addresses for the unserved defendants is hereby DENIED.

5. Within **thirty (30)** days of the date this order is filed, plaintiff either must effectuate service of the Second Amended Complaint on the unserved defendants he names in the Second Amended Complaint, or must provide the Court with an accurate current location for those defendants.  <u>Should plaintiff fail to do so, plaintiff's claims against those defendants will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure</u>.

6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

This order terminates Docket Nos. 40, 45 and 48.

IT IS SO ORDERED.

DATED: August 6, 2010

_____
MAXINE M. CHESNEY
United States District Judge

7