United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>    Plaintiff,<br><br>  v.<br><br>A. HEDGPETH, Warden, et al.,<br><br>    Defendants.<br>_____ | No. C 08-1495 (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SCREEN SECOND AMENDED COMPLAINT FILED OCTOBER 5, 2010 (Docket No. 57); DIRECTING CLERK TO FILE AS NEW AND SEPARATE ACTION SECOND AMENDED COMPLAINT RECEIVED OCTOBER 6, 2010**<br><br>**(Docket Nos. 55 & 58)** |

On March 18, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, the Court granted defendants' motion to dismiss plaintiff's first amended complaint ("FAC"), on the ground plaintiff had failed to properly join claims and defendants under Federal Rules of Civil Procedure 18(a) and 20(a). By that same order, the Court granted plaintiff leave to file a second amended complaint ("SAC") to cure the noted pleading deficiencies.

In response to the Court's order, plaintiff has submitted two amended complaints, each titled "Second Amended Complaint," and defendants have filed a motion for the Court to screen plaintiff's claims under 28 U.S.C.§ 1915A. The Court will grant defendants' motion and, as set forth below, reviews herein one of the two submitted complaints and

1  directs the Clerk of Court to file the other as a separate action.

## DISCUSSION

A. <u>Plaintiff's Filings</u>

Plaintiff's FAC raised claims against eleven defendants, which claims were based on a search of plaintiff's cell in June 2006, and a disciplinary hearing held on December 2, 2006. Upon review of the FAC, the Court found plaintiff's allegations stated cognizable claims for relief and ordered the FAC served on defendants. As noted, the Court subsequently granted defendants' motion to dismiss the FAC on the ground the claims and defendants were not properly joined.

In granting plaintiff leave to file an SAC, the Court directed plaintiff to file either (1) a complaint that brings one or more claims against one defendant, as set forth in Rule 18(a), or (2) a complaint that brings one or more claims against multiple defendants, but only if those defendants could be properly joined under Rule 20(a)(2). (Order, filed Aug. 6, 2010, at 5:6-10.) The Court further informed plaintiff that he could, if he so chose, file a new and separate action raising the claims that he did not include in the SAC. (<u>Id.</u> at 5:10-12.)

Plaintiff has complied with the Court's order by submitting for filing two SACs. Plaintiff's first SAC was received and filed by the Clerk of the Court on October 5, 2010 (Docket No. 57) (hereafter "October 5 SAC"), and contains claims arising from the above-referenced disciplinary hearing. Plaintiff's second SAC was received on October 6, 2010, but has not been filed; the second SAC contains claims concerning the above-referenced search of plaintiff's cell. In view of plaintiff's pro se status, the Court liberally construes the earlier-received SAC, i.e., the October 5 SAC, as the operative SAC herein, and construes the later-received SAC as plaintiff's attempt to file a new and separate action as directed in the Court's prior order. Accordingly, the Court will review the merits of the former (Docket No. 57) in the instant action,[1] and will direct the Clerk of the Court to file the latter as a new action.

---

[1] Plaintiff's request for an extension of time to file his SACs will be granted, and both are deemed to have been filed in compliance with the Court's order.

2

B.  Plaintiff's Claims

In the October 5 SAC, plaintiff alleges the following: (1) after the June 11, 2006 cell search, he was charged with a rules violation for drug possession; (2) on July 22, 2006, defendant Investigative Employee R. Basso ("Basso"), in retaliation for plaintiff's having asserted his right to postpone the disciplinary hearing on the rules violation, prematurely prepared an investigative report for that hearing; (3) defendant Lt. E. Moore ("Moore"), the hearing officer, denied plaintiff due process at the disciplinary hearing held on December 2, 2006; (4) after the hearing, Moore retaliated against plaintiff by recommending, on April 12, 2007, that plaintiff be moved from Facility C to Facility D at SVSP, and by placing plaintiff in administrative segregation when plaintiff complained to the warden about being moved; and (5) defendant Captain G. Ponder ("Ponder") retaliated against plaintiff by knowing of, but failing to act to correct, Moore's actions.

Based on the above allegations, the Court finds plaintiff has stated cognizable claims against defendants Basso, Moore and Ponder for retaliation, in violation of the First Amendment, and for the violation of due process at plaintiff's disciplinary hearing, in violation of the Fourteenth Amendment.[2]

C.  Unserved Defendant

In the order granting defendants' motion to dismiss the FAC and directing plaintiff to file an SAC, the Court noted that all but three of the eleven defendants named in the FAC had been successfully served by the United States Marshal. In particular, summons had been returned unexecuted as to defendants E. Camarena, O. Reynoso and R. Basso, for the reason that said defendants are no longer employed at SVSP and the Marshal's attempts to serve them with the summons and complaint at forwarding addresses provided by the SVSP Litigation Coordinator were unsuccessful. Consequently, the Court informed plaintiff that, as to the above-named unserved defendants, he was required to either effectuate service of

---

[2] All other defendants listed on the court docket for the above-titled action, all of whom were named solely in connection with the cell search claims, will be dismissed from the above-titled action without prejudice. As discussed above, the cell search claims are contained in a separate complaint to be filed as a separate action.

3

the SAC himself or provide the Court with an accurate current location at which they could be served by the Marshal.

Defendant Basso is the only unserved defendant named in the October 5 SAC, and plaintiff states therein that it is his understanding that Basso is still employed with the California Department of Corrections and Rehabilitation, and currently is employed at Folsom State Prison.

Good cause appearing, and in the interest of expediting the progress of the instant action, the Court will direct defendants' counsel to provide the Court, under seal, with the most recent address on file with the California Department of Corrections and Rehabilitation for defendant Basso. Upon receipt of such information, the Court will order the Marshal to serve Basso at such address.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall file, as a new and separate action and as of the date of its receipt, the complaint received October 6, 2010, captioned <u>Struggs v. Ponder, et al.</u> For purposes of clarity, the Clerk shall strike from the title of said complaint the words "Second Amended Complaint." The Clerk shall also <u>file a copy of the instant order in said new action.</u>

2. Plaintiff's request for an extension of time to file the October 5 SAC (Docket No. 57) is hereby GRANTED, and said SAC is deemed timely filed.

3. Defendants' motion to screen the October 5 SAC is hereby GRANTED.

4. The following defendants are hereby DISMISSED from the above-titled action without prejudice to plaintiff's filing a new and separate action against said defendants: Camarena, Nilsson, O. Reynoso, R. Reynoso, Rodriguez, Sheets, Stevenson and Wolff.

5. Within **twenty (20)** days of the date this order is filed, defendants' counsel shall provide the Court, under seal, with the most recent address on file with the California Department of Corrections and Rehabilitation for defendant Basso.

6. Within **ninety (90)** days of the date this order is filed, defendants shall file a

4

motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable above. **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

      7. The Court hereby extends the time to file an answer or waiver of answer, see 42 U.S.C. § 1997e(g)(1), to a date to be set after the Court has ruled on the above-referenced motion or received notice that such a motion cannot be filed.

      8. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

      9. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

      10. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

      a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[3]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in

---

[3]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

5

opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    11. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

    12. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    13. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

6

14. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

15. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 55 and 58.

IT IS SO ORDERED.

DATED: April 28, 2011

_____
MAXINE M. CHESNEY
United States District Judge